Alexander D. Terepka (SBN 288243)
alex@wtlaw.com
WATSTEIN TEREPKA LLP
515 S. Flower Street, 19th Floor
Los Angeles, California 90071
Telephone: (213) 839-3317

*Counsel for Defendants Acenwi LLC,
Ace Property Acquisitions, LLC, and Elliot Elkhoury*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT MOSSBRUGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACENWI LLC d/b/a Ace Properties, Ace Property Acquisitions, LLC, and ELLIOT ELKHOURY,<br><br>Defendants. | CASE NO.: 2:24-cv-03431-DAD-SCR<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Honorable Dale A. Drozd |

Defendants ACENWI LLC ("Acenwi"), Ace Properties Acquisitions, LLC ("APA"), and Elliot Elkhoury submit their Answer and Affirmative Defenses to Plaintiff Robert Mossbruger's Class Action Complaint as follows:

**Nature of this Action**[1]

1.  Defendants admit that Plaintiff purports to bring this lawsuit under the Telephone Consumer Protection Act ("TCPA"), but deny all remaining allegations, including that Defendants violated the TCPA or that the putative classes could ever be certified.

2.  Denied.

---

[1] For the Court's convenience, Defendants have incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. But Defendants do not necessarily agree with and do not admit the characterizations of such headings unless specifically admitted herein. Nor do Defendants waive any right to object to those characterizations.

1      3.    Denied.

2      4.    Denied.

3      5.    Denied.

### Parties

6. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

7. Defendants admit only that ACENWI is a limited liability company headquartered in Gold River, California but deny the remaining allegations of this paragraph.

8. Defendants admit only that APA is a Wyoming-formed limited liability company headquartered in Gold River, California, but deny the remaining allegations of this paragraph.

9. Defendants admit only that Mr. Elkhoury is a member of ACENWI, which has two members, but deny the remaining allegations of this paragraph.

10. Admitted.

### Jurisdiction and Venue

11. The jurisdictional allegations of Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to invoke federal question jurisdiction through the TCPA claim. Defendants deny the remaining allegations and reserve the right to challenge subject matter jurisdiction.

12. The allegations in Paragraph 12 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

13. Denied.

### Factual Allegations

14. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

15. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

16. The allegations in Paragraph 16 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the allegations refer to an FCC order, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in this paragraph.

17. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

18. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

19. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

20. Defendants admit that the allegations in Paragraph 20 reference a website. Defendants deny the remaining allegations.

21. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

22. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

23. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

24. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

25. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

26. Denied.

27. Denied.

28. Denied.

29. Defendants admit that the allegations in Paragraph 29, including footnote 1, reference a website. Defendants deny the remaining allegations.

30. Defendants admit that the allegations in Paragraph 30, including footnote 2, reference a website. Defendants deny the remaining allegations.

31. Defendants admit that the allegations in Paragraph 31, including footnote 3, reference a website. Defendants deny the remaining allegations.

32. Defendants admit that the allegations in Paragraph 32 reference a website. Defendants deny the remaining allegations.

33. Denied.

34. Denied.

35. Defendants admit that the allegations in Paragraph 35, including footnote 4, reference a website. Defendants deny the remaining allegations.

36. Defendants admit that the allegations in Paragraph 36, including footnote 5, reference a website. Defendants deny the remaining allegations.

37. Defendants admit that the allegations in Paragraph 37, including footnote 6, reference a website. Defendants deny the remaining allegations.

38. Defendants admit that the allegations in Paragraph 38, including footnote 7, reference a website. Defendants deny the remaining allegations.

39. Defendants admit that the allegations in Paragraph 39, including footnotes 8 and 9, reference websites. Defendants deny any remaining allegations.

40. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

41. The allegations in Paragraph 41 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendants state that they lack knowledge and information sufficient to admit or deny the allegations in Paragraph 41 and therefore deny them.

42. The allegations in Paragraph 42 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendants state that they lack knowledge and information sufficient to admit or deny the allegations in Paragraph 42 and therefore deny them.

43. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

44. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

45. The allegations in Paragraph 45 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendants state that they lack knowledge and information sufficient to admit or deny the allegations in Paragraph 45 and therefore deny them.

46. The allegations in Paragraph 46 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendants state that they lack knowledge and information sufficient to admit or deny the allegations in Paragraph 46 and therefore deny them.

47. Denied.

48. Denied.

49. Denied.

50. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

51. Denied.

52. Denied.

53. Denied.

### Class Action Allegations

54. Defendants admit that Plaintiff purports to have filed this action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and putative classes. Defendants deny the

remaining allegations in Paragraph 54. Defendants also deny that Plaintiff or any of the purported class members have any basis in law or fact to maintain the current action against Defendants, deny that any putative class can be certified in this matter, and deny that Plaintiff is entitled to any damages or any relief whatsoever.

55. Defendants admit only that Plaintiff purports to exclude individuals from the putative classes but deny any remaining allegations, including that Plaintiff or any of the purported class members have any basis in law or fact to maintain the current action against Defendants or that any putative class can be certified in this matter.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

68. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

69. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

70. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

1  71. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

72. Defendants lack sufficient knowledge, information, or belief to form an opinion on the allegations of this paragraph, and therefore deny them.

73. Denied.

74. Defendants deny the allegations set forth in Paragraph 74, including sub-paragraphs a through g.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## Count I

### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

### On Behalf of the Robocall Class

84. Defendants incorporate their responses to Paragraphs 1 through 83.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## Count II

### Violation of 47 U.S.C. § 227(c)(5)

### On Behalf of the Federal Do-Not-Call Registry Class

89. Defendants incorporate their responses to Paragraphs 1 through 88.

90. The allegations in Paragraph 90 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the allegations refer to legal authority, which speaks for itself. Defendants deny the remaining allegations.

91. The allegations in Paragraph 91 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the allegations refer to legal authority, which speaks for itself. Defendants deny any remaining allegations.

92. The allegations in Paragraph 92 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the allegations refer to legal authority, which speaks for itself. Defendants deny any remaining allegations.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

## Count II

## Violation of 47 U.S.C. § 227(c)(5)

### On Behalf of the Sender Identification Class

97. Defendants incorporate their responses to Paragraphs 1 through 96.

98. The allegations in Paragraph 98 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the allegations refer to legal authority, which speaks for itself. Defendants deny any remaining allegations.

99. The allegations in Paragraph 99 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the allegations refer to legal authority, which speaks for itself. Defendants deny any remaining allegations.

100.  The allegations in Paragraph 100 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the allegations refer to legal authority, which speaks for itself. Defendants deny any remaining allegations.

101.  Denied.

102.  Denied.

103.  Denied.

104.  Denied.

### Prayer for Relief

Defendants deny the allegations set forth in the unnumbered Paragraph immediately following Paragraph 104 of the Complaint, including every allegation in subparagraphs a through l, and further deny that Plaintiff is entitled to class certification, appointment as class representative, appointment of his attorneys as class counsel, any damages, any equitable relief, any injunctive relief, any declaratory relief, any fees, any costs, or any relief whatsoever.

### Jury Demand

Defendants deny that any of the allegations set forth in the Complaint allege triable issues against Defendants. To the extent a jury trial is permitted, Defendants request a trial by the maximum number of jurors allowed by law.

### General Denial

Defendants deny all allegations set forth in the Complaint that are not specifically admitted here.

### Affirmative Defenses

Defendants assert the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendants do not admit that they bear the burden of proof or the burden of persuasion with respect to any particular defense.

## First Affirmative Defense

### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendants. For example, Plaintiff fails to show that any calls allegedly received were those for which the called party is charged as required by the TCPA or that the texts at issue are subject to the TCPA's do-not-call rules and regulations.

## Second Affirmative Defense

### (Consent)

Plaintiff (and members of the putative classes, if any) is barred from asserting claims in whole or in part to the extent the calls at issue were made with prior express permission or consent.

## Third Affirmative Defense

### (Arbitration and Class Waiver)

Plaintiff and the putative class members are barred from asserting claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving this Court of jurisdiction over such claims, and rendering venue in this Court improper.

## Fourth Affirmative Defense

### (Acquiescence, Estoppel, Waiver, and Unclean Hands)

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of acquiescence, estoppel, waiver, fraud, and unclean hands. For example, Plaintiff cannot assert claims to the extent they arise from his own misconduct or wrongdoing. As a further example, Plaintiff cannot assert claims under the TCPA if he acted in bad faith by providing the subject number referenced in the Complaint to receive calls from Defendants.

## Fifth Affirmative Defense

### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## Sixth Affirmative Defense

### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

## Seventh Affirmative Defense

### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Defendants did not engage in knowing or willful misconduct.

## Eighth Affirmative Defense

### (No Proximate Cause)

Defendants did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties proximately caused any alleged damages, injuries, or violations at issue.

## Ninth Affirmative Defense

### (No Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint under *Spokeo*, *Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), because any harm allegedly caused by the calls at issue (which Defendants deny) is not fairly traceable to any violation allegedly committed by Defendants.

## Tenth Affirmative Defense

### (Good Faith)

Any and all claims brought in the Complaint are barred because the caller possessed a good faith belief that it had consent to call the number at issue.

## Eleventh Affirmative Defense

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendants cannot be held vicariously liable. Further, Defendants did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint and cannot be held liable for it. Defendants' liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to those third parties or Plaintiff.

## Twelfth Affirmative Defense

### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## Thirteenth Affirmative Defense

### (First Amendment)

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny. *See Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2346 (2020) ("Content-based laws are subject to strict scrutiny.").

## Fourteenth Affirmative Defense

### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition

of statutory damages on Defendants, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

### Fifteenth Affirmative Defense

### (No Authorization to Make Calls)

Defendants are not liable to the extent the alleged subject calls were not made by Defendants, nor authorized to be made on their behalf.

### Sixteenth Affirmative Defense

### (No Charge)

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

### Seventeenth Affirmative Defense

### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendants from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

### Eighteenth Affirmative Defense

### (No "Call")

Defendants did not "make any call" to Plaintiff, as that term is used in the TCPA.

### Nineteenth Affirmative Defense

### (Failure to Join Party and/or Name the Proper Defendant)

The claims brought in the Complaint are barred, in whole or in part, by Plaintiff's failure to join necessary or indispensable parties, such as the individual or entity who actually sent the texts or made the calls at issue. Plaintiff's claims are also barred, in whole or in part, to the extent Plaintiff failed to name the proper defendant(s), over which the Court may lack personal jurisdiction.

## Twentieth Affirmative Defense

### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claim is barred to the extent it is based on regulations or rulings that exceed the FCC's delegated authority.

## Twenty-First Affirmative Defense

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23 and therefore cannot maintain this action as a class action. Further, Defendants give notice that, in the event that this Court certifies a class, which Defendants deny would be appropriate, Defendants reserve the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## Twenty-Second Affirmative Defense

### (Established or Existing Business Relationship)

Any and all TCPA claims brought in the Complaint are barred in whole or in part by Plaintiff's and any putative class member's established business relationships with the caller, to the extent one existed.

## Twenty-Third Affirmative Defense

### (Residential Number)

Plaintiff's claims are barred to the extent his number or putative class members' numbers are not residential.

## Twenty-Fourth Affirmative Defense

### (Reasonable Practices and Procedures)

Any and all TCPA claims brought in the Complaint are barred in whole or in part because Defendants have established and implemented reasonable practices and procedures to prevent violations of the TCPA and related regulations.

## Twenty-Fifth Affirmative Defense

### (Substantial Compliance)

Defendants are not liable to Plaintiff (or the putative class members) because they acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and other laws.

## Twenty-Sixth Affirmative Defense

### (Bona Fide Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which Defendants deny), any such violation was not intentional and resulted from a bona fide error.

## Twenty-Seventh Affirmative Defense

### (One Call)

Any and all Do-Not-Call related claims brought in the Complaint are barred in whole or in part to the extent Plaintiff or any putative class member did not receive more than one telephone call within any 12-month period by or on behalf of either Defendant.

## Twenty-Eighth Affirmative Defense

### (Reservation of Right to Assert Further Defenses)

Defendants have not knowingly or intentionally waived any applicable defenses and give notice that they intend to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendants reserve the right to amend their Answer to assert any such defense.

## Prayer

WHEREFORE, having fully answered, Defendants respectfully request that the Court:

1) Deny certification of Plaintiff's proposed class;

2) Dismiss Plaintiff's claim with prejudice,

3) Enter judgment against Plaintiff and in favor of Defendants on all claims;

4) Enter a judgment that Plaintiff take nothing by way of his Complaint;

5) Award costs against Plaintiff, including Defendants' reasonable attorneys' fees and costs, and

6) Grant Defendants such other and further relief as this Court deems just and proper.

Respectfully submitted January 30, 2025.

WATSTEIN TEREPKA LLP

By: */s/ Alexander D. Terepka*
Alexander D. Terepka (SBN 288243)
alex@wtlaw.com
515 S. Flower Street, 19th Floor
Los Angeles, California 90071
T: (213) 839-3317

*Counsel for Defendants Acenwi LLC,*
*Ace Property Acquisitions, LLC,*
*and Elliot Elkhoury*

# CERTIFICATE OF SERVICE

## ROBERT MOSSBRUGER V. ACENWI LLC, ET AL.

## 2:24-cv-03431-DAD-SCR

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On January 30, 2025, I served a true and correct copy of **DEFENDANTS ACENWI LLC, ACE PROPERTY ACQUISITIONS, LLC, AND ELLIOT ELKHOURY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINIFF'S CLASS ACTION COMPLAINT**

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B)

[ ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

[X]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 30, 2025, at Atlanta, Georgia

By: */s/ Alexander D. Terepka*
Alexander D. Terepka
*Defendants Acenwi LLC, Ace Property Acquisitions, LLC, and Elliot Elkhoury*

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES – CASE NO. 2:24-cv-03431-DAD-SCR